WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeff D. Myers, | No. CV-12-0843-PHX-DKD |
| Plaintiff, | |
| v. | **ORDER** |
| U.S. Post Office, | |
| Defendant. | |

Currently pending before the Court is Defendant U.S. Post Office's (the Postal Service) Motion to Dismiss under Rule 12(b)(1) and (b)(6), Federal Rules of Civil Procedure (Doc. 4). The U.S. Post Office argues that Plaintiff's claims are expressly prohibited by the postal matter exception to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2680(b). Plaintiff objects to the Postal Service's Motion to Dismiss, alleging that he brought an insurance contract claim, not a tort claim, and that the exceptions to the FTCA only apply to tort claims.

For the reasons stated below, the Court **GRANTS** the Postal Service's Motion to Dismiss all tort claims arising out of Plaintiff's Complaint. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**

Myers alleges that the Postal Service is liable for damage which allegedly occurred when he shipped fully-insured packages containing "antique monkeys...to New England Auction Company to sell at auction and then we decided not to sell them at auction and they were shipped back to me [Plaintiff]" (Doc. 1-1 at 4). Myers asserts that all items were fully insured

1  and that he "want[s] to be paid for the insurance on the items." *Id*. The Postal Service argues
2  that this Court does not have jurisdiction over a claim that the Postal Service damaged a
3  package in delivery, because the United States has not waived sovereign immunity for the loss,
4  miscarriage or negligent transmission of mail, as alleged in Myers' complaint. The Postal
5  Service argues that such claims are prohibited by the postal matter exception to the FTCA.

## DISCUSSION

7  Rule 12(b)(1) requires dismissal when the plaintiff's complaint "lack[s] subject matter
8  jurisdiction." Fed. R. Civ. P. 12(b)(1). "It is a fundamental principle of sovereign immunity
9  that federal courts do not have jurisdiction over suits against the United States unless Congress,
10 via a statute, expressly and unequivocally waives the United States' immunity to suit." *United
11 States v. Bein*, 214 F.3d 408, 412 (3rd Cir. 2000). "[W]hen the Government does consent to be
12 sued, 'the terms of (the) waiver of sovereign immunity define the extent of the court's
13 jurisdiction.'" *Id.* (quoting *United States v. Mottaz*, 476 U.S. 834, 841, (1986)). "[W]aivers of
14 the Government's sovereign immunity, to be effective, must be 'unequivocally expressed,' and
15 any such waiver must be construed strictly in favor of the sovereign." *United States v. Bein*,
16 214 F.3d at 412 *quoting United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992)). The
17 FTCA provides that a suit against the United States shall be the exclusive remedy for persons
18 with claims for damages resulting from the negligent acts or omission of federal employees
19 acting within the scope of their office or employment. 28 U.S.C. § 2679(b)(1). There is,
20 however, an exception to the FTCA's waiver of sovereign immunity: the waiver shall not apply
21 to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal
22 matters." 28 U.S.C. § 2680(b).

23  Myers argues that his claim is an insurance contract claim, not a tort claim, and therefore
24 the claim is not prohibited by the postal matter exception to the FTCA. The Court disagrees.
25 Although the remedy Myers seeks is the payment of an insurance claim, his claim arises out of
26 the "loss, miscarriage, or negligent transmission of letters or postal matters." Additionally, in
27 the most recent Supreme Court decision regarding the application of the postal matter exception,

the Court stated that Congress intended the postal matter exception to give the Postal Service immunity "for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 489 (2006). Situations where the exception would apply include claims arising from the "negligent handling of a mailed parcel (e.g., shattering of shipped china)." *Id.* Negligent handling of a mailed parcel is precisely the type of claim involved in this case. This Court concludes that Myers' tort claims fall squarely within the postal matter exception, as defined by the plain meaning of the words and as supported by the Supreme Court's construction of those words. Thus, the postal service exception to the FTCA's waiver of sovereign immunity bars his tort claims.

However, Plaintiff contends in his Response to the Motion to Dismiss that he "did not bring a tort claim . . . that he wants to be paid for the insurance on the items." Response at p. 1 (quoting Plaintiff's Complaint). The Post Office did not file a Reply so the Court does not have the benefit of the Defendant's response to this argument. However, the Court's own research has found that other District Courts have recognized that claims seeking payment of postal insurance for items damaged in the mail have been found to not sound in tort, but to sound in contract and thus are not subject to the above-described exception to the waiver of sovereign tort immunity. *See Willett v. Morrice Post Office*, 2005 Westlaw 1981302 (E.D. Mich., August 16, 2005), and cases cited therein. These same cases have, however, recognized another bar to federal court jurisdiction in cases asserting breach of postal insurance contract claims: failure to exhaust administrative remedies. Plaintiff's Complaint does not address whether he has exhausted his postal insurance contract remedies. *See* Domestic Mail Manual. Accordingly, the Court will dismiss the contract claim for failure to exhaust but this dismissal is without prejudice to Plaintiff filing a properly exhausted contract claim.

**IT IS THEREFORE ORDERED** granting the Postal Service's Motion to Dismiss (Doc. 4). The Clerk is directed to enter judgment in favor of the Defendant and dismiss the tort claims with prejudice.

**IT IS FURTHER ORDERED** granting the Postal Service's Motion to Dismiss the contract claims without prejudice.

DATED this 24th day of January, 2013.

_____
David K. Duncan
United States Magistrate Judge